IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02943-RMR

PARKER EGBERT, an individual

        Plaintiff,

v.

ROBERT GRISWOLD,
UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE, a not-for-profit corporation,
U.S. CENTER FOR SAFESPORT, a non-profit organization, and
DOES 1 through 50, inclusive, whose true names are unknown,

        Defendants.

## SCHEDULING ORDER

### 1.     DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is currently set for February 28, 2023, at 10:30 a.m.  The

parties are represented by counsel as follows:

#### *Counsel for Plaintiff:*

Elizabeth A. Kramer
Erickson Kramer Osborne LLP
44 Tehama Street
San Francisco, CA 94105
Phone: (415) 635-0631
Fax: (415) 599-8088
elizabeth@eko.law

Frank Salzano, Esq.
Salzano Ettinger Lampert & Wilson LLP
275 Madison Ave., Floor 35
New York, New York 10016
Phone: (646) 863-1883
Fax: (646) 365-3119
fsalzano@selwlaw.com

#### *Counsel for Defendant USOPC:*

Julie M. Walker, No. 24829
Lidiana Rios, No. 43370
Ireland Stapleton Pryor & Pascoe, PC
717 17th Street, Suite 2800

#### *Counsel for Defendant Griswold*

John A. Chanin
Katherine A. Roush
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, Suite 600

Denver, Colorado 80202
Phone: (303) 623-2700
jwalker@irelandstapleton.com
lrios@irelandstapleton.com

Denver, CO 80209
Phone: (303) 333-9810
Fax: (303) 333-9786
jchanin@fostergraham.com
kroush@fostergraham.com

***Counsel for Defendant SafeSport***

Joseph J. Zonies, Esq., No. 29539
ZONIES LAW LLC
170 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (720) 464-5300
jzonies@zonieslaw.com

## 2.    STATEMENT OF JURISDICTION

This Court has jurisdiction over the parties claims pursuant to 28 U.S.C. § 1332(a)(1).

## 3.    STATEMENT OF CLAIMS AND DEFENSES

### a.    Plaintiff

Parker Egbert is a world-class swimmer and Paralympian. He is also autistic and has suffered from developmental delay and intellectual disability his entire life. In 2020, when Egbert was 17 years old, he was named to the United States Paralympics Swimming national team and competed at the Paralympic Games in Tokyo, Japan. In 2022, he moved to the Olympic and Paralympic Training Center in Colorado Springs to reside and train.

Defendant Robert Griswold, also a Paralympic swimmer, was Egbert's roommate. Beginning at the Tokyo Games, Griswold assumed the role of Egbert's de facto chaperone. Plaintiff alleges that, from June 2021 to August 2022, Griswold physically abused, sexually assaulted, and violently raped Egbert on multiple occasions. As a consequence of the abuse and rape, Egbert has required medical care for phycological and physical harm, including loss of

bowel control and rectal injuries requiring surgical treatment.

Plaintiff alleges Defendant United States Olympic & Paralympic Committee ("USOPC") and Defendant U.S. Center For SafeSport ("SafeSport) owed Egbert, as an athlete in their care and a resident of their facility, a duty of protection and a duty to supervise others who posed a threat of harm. Plaintiff alleges these entities held themselves out as providing a safe place for an impaired athlete such as Egbert to live and train. Plaintiff alleges these entities were aware that Griswold had a history of violent and sexually abusive behavior against other athletes. Rather than act to protect Egbert and supervise Griswold, Plaintiff alleges these entities breached their duties by entrusting Griswold to serve as Egbert's roommate and chaperone and affirmatively acted to conceal allegations against Griswold for his and their own benefit.

Based on these allegations, Plaintiff asserts the following claims: Against Griswold: Assault & Battery; Invasion of Privacy; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress. Against USOPC: Negligence; Negligent Supervision, Training, Retention, and Entrustment; Negligent Failure to Warn; Gross Negligence; Fraud and Misrepresentation; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Civil Conspiracy. Against SafeSport: Negligence; Negligent Supervision, Training, Retention, and Entrustment; Negligent Failure to Warn; Gross Negligence; Fraud and Misrepresentation; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Civil Conspiracy. Plaintiff also asserts liability under a theory of express/implied agency against USOPC.

### b.     Defendant Griswold

Griswold has been a prominent member of the U.S. Paralympic Swim Team since 2016

and is the holder of several American and world Paralympic swimming records. Griswold has cerebral palsy, which impacts his strength and coordination. Griswold completely and emphatically denies Plaintiff's allegations against him in this matter.

Griswold has also asserted the following affirmative defenses:

- Plaintiff's alleged injuries and damages, if any, were proximately caused by the acts of a third party or other parties to this action or responsible non-parties, over whom Griswold had no control nor right of control. Any recovery by Plaintiff upon his claims is subject to the provisions and limitations of C.R.S. § 13-21-111.5.

- The sole proximate cause of the injuries and/or damages alleged is due to the negligence, actions, and/or fault of Plaintiff or that the negligence, actions, and/or fault of Plaintiff contributed to the same.

- Plaintiff has no damages and Plaintiff has failed to mitigate his damages, if any.

- Plaintiff's claims are barred in whole or in part by unclean hands and any applicable statutes of limitations.

### c.      Defendant USOPC

The USOPC is a federally chartered nonprofit corporation that serves as the National Paralympic Committee, fields teams for the Paralympic Games, and serves certain Paralympic sports directly, including Para Swimming. USOPC denies that it is liable to Egbert for negligence, negligent supervision, training, retention, or entrustment, gross negligence, express or implied agency, or intentional or negligent infliction of emotional distress.

USOPC also denies that it is liable to Plaintiff for negligent failure to warn and fraudulent misrepresentation, and for engaging in an alleged civil conspiracy with SafeSport, but in addition

asserts that these claims were not plausibly alleged in the Complaint and should be dismissed as a matter of law.

USOPC asserts the following defenses to Plaintiff's claims:

- Plaintiff's claims are barred, in whole or in part, by the negligence, fault, or wrongful conduct of other third parties and/or nonparties over whom USOPC had no control or right to control, and any recovery by Plaintiff is subject to the provisions and limitations of C.R.S. § 13-21-111.5.

- The events complained of in Plaintiff's Complaint were not foreseeable.

- Plaintiff's damages, if any, are barred or limited by the provisions of C.R.S. § 13-21-102.5 (non-economic damages).

- Plaintiff's damages were caused by the errors and omissions, negligent or otherwise, of Plaintiff and/or its agents or employees, which bars or reduces its claims pursuant to C.R.S. § 13-21-111.

- USOPC's actions, if any, were not the proximate cause of Plaintiff's damages.

USOPC reserves the right to assert additional affirmative defenses as the case progresses.

### d. Defendant SafeSport

Defendant U.S. Center For SafeSport (the "Center") is an independent nonprofit organization responsible for investigating and resolving allegations of emotional, physical, and sexual abuse within Olympic and Paralympic sports. Congress has twice amended the Amateur Sports Act to authorize the Center to carry out this mission: the Protecting Young Victims from Abuse and Safe Sport Authorization Act of 2017 and the Empowering Olympic, Paralympic, and Amateur Athletes Act of 2020. See 36 U.S.C. §§ 220541-43.

Through this legislation, Congress provided that the Center shall "serve as the independent national safe sport organization and be recognized worldwide as the independent national safe sport organization for the United States." § 220541(a)(1). Congress directed that the Center shall "maintain an office for response and resolution that shall establish mechanisms that allow for the reporting, investigation, and resolution…of alleged sexual abuse in violation of the Center's policies and procedures." *Id.* § 220541(a)(4). The Response and Resolution office is responsible for "resolv[ing] allegations of sexual abuse within its jurisdiction to determine the opportunity of any amateur athlete …who is the subject of such an allegation, to participate in amateur athletic competition." *Id.* § 220541(c)(1). The Act gives the Center broad discretion to resolve eligibility issues. It states: "The Center may, in its discretion, utilize a neutral arbitration body and develop policies and procedures to resolve allegations of sexual abuse within its jurisdiction to determine the opportunity of any amateur athlete, coach, trainer, manager, administrator, or official, who is the subject of such an allegation, to participate in amateur athletic competition." *Id.* § 220541(c)(1).

As discussed in detail in its motion to dismiss (ECF No. 28), there is no legal basis for Plaintiff's claims against the Center. First, the Center has absolute immunity from this lawsuit. Second, the Court lacks jurisdiction over the Center's adjudicatory process. Third, Plaintiff lacks standing to challenge the Center's adjudicatory decisions regarding a third party (Defendant Griswold).

In addition, Plaintiff's claims are barred, in whole or in part, by the negligence, fault, or wrongful conduct of other third parties and/or nonparties over whom the Center had no control or right to control, and any recovery by Plaintiff is subject to the provisions and limitations of C.R.S.

§ 13-21-111.5. Plaintiff's damages were caused by the errors and omissions, negligent or otherwise, of Plaintiff and/or its agents or employees, which bars or reduces its claims pursuant to C.R.S. § 13-21-111. The Center's actions, if any, were not the proximate cause of Plaintiff's damages. The Center reserves the right to assert additional affirmative defenses as the case progresses.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was named to the U.S. Paralympics Swimming national team and competed in the 2020 Paralympic games.

2. Plaintiff won three gold medals and a silver medal at the U.S. Paralympics Swimming National Championship in Greensboro, North Carolina.

3. U.S. Paralympics Swimming national team travelled to Tokyo to compete at the 2020 Paralympic Games.

4. Plaintiff and Defendant Griswold were two of five athletes sharing a suite at the Athletes' Village at the 2020 Paralympic Games.

5. Defendant Griswold won two Paralympic gold medals and broke the world record in the 100-meter backstroke at the 2020 Paralympic Games.

6. Plaintiff competed in the 200-meter individual medley and the 100-meter backstroke in the S14 classification at the 2020 Paralympic Games.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

In light of information currently available, Plaintiff claims compensatory economic

damages of approximately $50,000 for past medical expenses, including psychological

treatment, physical therapy, medication, and surgical treatment consequent to physical injuries

suffered in the alleged incident; Plaintiff claims compensatory economic damages in an amount

presently undetermined but no less than $50,000 for future medical expenses; Plaintiff claims

compensatory economic damages in an amount presently undetermined but no less than $50,000

for lost income or lost opportunity, including lost income from future participation in athletic

competition and lost sponsorships; Plaintiff claims general non-economic damages in an amount

presently undetermined for pain and suffering, including extreme mental and emotional distress;

Plaintiff claims punitive, statutory, and exemplary damages in an amount presently

undetermined; Plaintiff claims pre-judgment interest as provided by law, interest upon any

judgment entered as provided by law, and an award of attorney's fees and costs as provided by

law in an amount presently undetermined. Plaintiff will supplement this initial disclosure when

additional corrective material becomes available.

### b.      Defendant Griswold

Griswold is not currently seeking damages in this action but reserves the right to bring

third party claims, counterclaims or cross-claims for damages as discovery continues.

### c.      Defendant USOPC

USOPC is not currently seeking damages in this action but reserves the right to bring

counterclaims or cross-claims for damages as discovery continues.

### d.      Defendant SafeSport

The Center is not currently seeking damages in this action but reserves the right to bring

counterclaims or cross-claims for damages as discovery continues

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The FED. R. CIV. P. 26(f) meeting occurred on Monday, January 30, 2023.

b. The participants in the FED. R. CIV. P. 26(f) meeting were: (a) Kevin Osborne of Erickson Kramer Osborne LLP for Plaintiff, (b) John Chanin for Defendant Griswold, (c) Julie M. Walker & Lidiana Rios for Defendant USOPC, and (d) Joe Zonies & Greg Bentley for Defendant SafeSport.

c. FED. R. CIV. P. 26(a)(1) Initial Disclosures have not been exchanged.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** With regard to the timing of Rule 26(a)(1) disclosures:

USOPC states that the Parties are presently working on an agreeable ESI Protocol. USOPC anticipates there will be significant ESI to identify, gather, filter and review before its initial Rule 26 disclosures can be completed. At this time, USOPC is unable to estimate how much time will be required as the total amount of potentially relevant data is not yet determined. The Center joins in the USOPC's above statements and further states that the Center intends to move for a protective order staying discovery against the Center, while allowing all other discovery to proceed, pending ruling on its dismissal motion raising immunity defenses (ECF No. 28). Allowing discovery against the Center before resolving those immunity defenses would defeat the protections to which those defenses entitle the Center.

e. **Statement concerning any agreements to conduct informal discovery.** With regard to conducting informal discovery, the Parties have discussed and will continue to discuss the possibility of engaging in informal discovery.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.** The parties agree to follow Judge Hegarty's Practice Standards relating to communications with the Court and motions related to discovery disputes. Specifically: prior to filing a motion relating to a discovery dispute, the Parties must confer in good faith and then, if necessary, contact the Court via joint telephone call or email, copied to all parties, to hegarty_chambers@cod.uscourts.gov, for the purpose of setting a conference. At the conference, the Court will determine whether to grant the movant leave to file a motion. Michael E. Hegarty Prac. Standards – Civil Actions at II.B & III.C; Fed. R. Civ. P. 16, cmt. 2015 Amend.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.** The Parties anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"), and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. To that end, the Parties are working on an ESI Protocol for identifying, searching for, and producing ESI.

h.  **Statement as to claims of privilege.** The Parties have addressed the handling of potentially privileged materials in an ESI Protocol and Protective Order, drafts of which have been circulated and will be filed promptly once the Parties finalize their terms. Plaintiff takes the position that all discoverable information, including documents, records, and ESI, that is withheld from production in discovery based on a claim of privilege must be identified and described in a privilege log, as described in Fed. R. Civ. P. 26(a)(5)(A)(ii), produced at the time

the response to the discovery is due. While Griswold agrees that information withheld from production of the basis of attorney-client privilege or work product privilege must be identified and described on a privilege log, Griswold objects to Plaintiff's position that he produce a privilege log for any documents that are withheld pursuant to the Fifth Amendment privilege against self-incrimination, as such disclosure is protected by the act of production doctrine.

   i. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.** The Parties have had some discussions regarding the possibilities for settling or resolving the case. At this point, some Parties are amenable to informal resolution are engaging in early planning of a potential mediation.

## 7. CONSENT

   All parties have not unanimously consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

   a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

   Plaintiff proposes the Parties adhere to the limit for depositions described in Fed. R. Civ. P. 30(a)(2)(A)(i), which allows each side no more than 10 depositions absent a court order. Plaintiff proposes this limit should not include expert witness depositions.

   Defendants propose 10 depositions taken by the Plaintiff, and 10 depositions taken by each Defendant. There are several reasons why modifying of the presumptive limit is warranted. First, the allegations in Plaintiff's Complaint describe numerous persons who had knowledge relevant to the claims and defenses in this case, many of whom would be key witnesses and

warrant deposition, including without limitation: Plaintiff; Plaintiff's parents; other members of the Para Swimming team; other athletes who roomed with Plaintiff and Defendant Griswold in Tokyo; persons who traveled with the swimming team to Tokyo including coaches and family members; Plaintiff's coaches; other athletes who interacted with Plaintiff and Defendant Griswold at the Olympic and Paralympic Training Center; persons who previously made allegations against Defendant Griswold; Plaintiff's medical and mental health teams; persons who allegedly informed or reported prior allegations to USOPC and/or SafeSport; law enforcement; and Defendant Griswold's family. To limit all three Defendants to 10 depositions total would deprive them of the opportunity to do fact-finding based on their respective legal theories, and the ability to talk to critical witnesses.

b.    **Limitations which any party proposes on the length of depositions:**

The Parties agree that the length of depositions will be limited to 1 day of 7 hours.

Based on Fed. R. Civ. P. 30(a)(2)(A)(ii), Plaintiff opposes any contention that all Defendants are entitled to depose a single witness for seven hours *each*. Plaintiff offers to make himself available for 3 depositions of 3 hours each (totaling 9 hours), and allowing Defendants to coordinate among themselves to allot time among one another within this limit.

Defendants request that each Defendant be given an opportunity to depose each witness, including Plaintiff, for 7 hours.  Limiting each Defendant to a three-hour period with the Plaintiff would be insufficient given the differing allegations made and the number of claims brought against each Defendant.

c.    **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

Plaintiff proposes the Parties adhere to limit for interrogatories described in Fed. R. Civ. P. 33(a)(1), which allows each party to propound 25 interrogatories on each other party, but not more without a Court order. As such, Plaintiff can serve 25 interrogatories on Defendant 1, 25 interrogatories on Defendant 2, etc.; while Defendant 1 can propound 25 interrogatories on Plaintiff, 25 interrogatories on Defendant 2, etc. Plaintiff proposes there be no limits on requests for production of documents or requests for admission.

USOPC and the Center are amenable to Plaintiff's proposal regarding 25 interrogatories permitted by each Party on each other Party. However, USOPC and the Center request each party be limited to 25 requests for production and 35 requests for admissions. USOPC and the Center propose these limits will not apply to requests for admission as to the authenticity of documents.

Griswold agrees with Plaintiff's proposal regarding 25 interrogatories permitted by each Party on each other Party. Griswold also agrees with Plaintiff's proposal that there be no limits on requests for production and requests for admission.

**d.** **Deadline to serve Interrogatories, Requests for Production of Documents and/or Admissions:** Parties agree to serve all discovery other than deposition notices at least 45 days before discovery cut-off date.

**e.** **Other Planning or Discovery Orders:** The court will limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is

outside the scope permitted by Rule 26(b)(1).

### 9. CASE PLAN AND SCHEDULE

**a.** **Deadline for Joinder of Parties/Amendment of Pleadings:**

Plaintiff and Defendant Griswold propose August 14, 2023.

Defendants USOPC and SafeSport propose April 14, 2023.

**b.** **Discovery Cut-off:** 60 days before trial.

**c.** **Dispositive Motion Deadline:** 90 days before trial.

**d.** **Expert Witness Disclosures:**

   **i.** **The Parties shall identify anticipated fields of expert testimony:**

- **Plaintiff:** Liability experts regarding the applicable standard of care and whether any Defendant violated any applicable statute, regulation, or law; Plaintiff's treating medical providers (psychological and physical); vocational rehabilitation; and damages experts regarding nature and value of economic loss; rebuttal witnesses.

- **Defendant Griswold:** Medical experts and any other necessary rebuttal experts.

- **Defendant USOPC:** Responsive experts regarding duty of care, medical experts, vocational rehabilitation and damages, in addition to any other necessary rebuttal experts. USOPC objects to any expert opinions on whether any Defendant violated any applicable statute, regulation or law as improper usurpation of the Court's role to determine those issues.

- **Defendant SafeSport:** The Center joins in the USOPC's position.

ii. **Limitations which the parties propose on the use or number of expert witnesses:** Plaintiff takes the position that it is too early to place a limit on the number of witnesses he intends to use at trial but presently anticipates no more than 7 expert witnesses.

Defendants propose expert witnesses be limited to 7 per party, exclusive of rebuttal witnesses.

iii. **The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** The Parties agree to disclose affirmative experts 120 days before trial; responding experts 90 days before trial; and rebuttal expert 75 days before trial.

iv. **The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** 30 days after disclosure of affirmative experts.

e. **Identification of Persons to Be Deposed:** Given that this action is in its early stages and the parties have not initiated disclosures or discovery, the Parties reserve the right to amend the lists set forth below. At this point, the Parties anticipate deposing the following persons:

- **Plaintiff:**
  a. Defendant Robert Griswold;
  b. Representatives from Defendant USOPC;
  c. Representatives from Defendant SafeSport;
  d. Other athletes who may have knowledge or information pertaining to the conduct of Defendant Robert Griswold;

e. Other fact witnesses who witnessed the events alleged in the Complaint;

f. Any expert designated by any party.

g. Any rebuttal expert designated by any party.

- **Defendant Griswold:**

    a. Parker Egbert

    b. Laura Egbert

    c. Other athletes who roomed with Griswold and Egbert and who may have knowledge of Plaintiff's allegations

    d. Coaches from the US Paralympics Swimming Team

    e. Other fact witnesses who may have knowledge regarding Plaintiff's allegations

    f. Medical experts

    g. Representative from SafeSport

    h. Expert witnesses

- **Defendant USOPC:**

    a. Parker Egbert

    b. Laura Egbert

    c. Robert Griswold

    d. Representative from Defendant SafeSport

    e. Other athletes who may have knowledge or information pertaining to the events alleged by Plaintiff

    f.   Medical providers or other service providers who may have knowledge or information pertaining to the events alleged by Plaintiff

    g.   Other fact witnesses who allegedly witnessed the events alleged by Plaintiff

    h.   Any expert designated by any party.

    i.   Any rebuttal expert designated by any party.

- **Defendant SafeSport:**

    a.   Parker Egbert

    b.   Laura Egbert

    c.   Robert Griswold

    d.   Representative from USOPC

    e.   Other athletes who may have knowledge or information pertaining to the events alleged by Plaintiff

    f.   Medical providers or other service providers who may have knowledge or information pertaining to the events alleged by Plaintiff

    g.   Other fact witnesses who allegedly witnessed the events alleged by Plaintiff

    h.   Any expert designated by any party.

    i.   Any rebuttal expert designated by any party.

### 10.    DATES FOR FURTHER CONFERENCES

**a.   Status conferences will be held in this case at the following dates and times:**

**b.   A final pretrial conference will be held in this case on _____ at _____. A**

**Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

## 11. OTHER SCHEDULING MATTERS

**a. Discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.** Given the nature of the allegations in the Complaint, the Parties agree to draft and stipulate to a Protective Order as soon as practicable following the Scheduling Conference and have circulated a draft thereof.

**b. Anticipated length of trial and whether trial is to the court or jury.** The Parties anticipate a 21-day trial, tried to a jury.

**c. Pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's other facilities:** The Parties agree that the proceedings should all be conducted in Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCIVR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel is expected to be familiar and to comply with the Pretrial and Final Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCIVR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.    AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of February 2023.

BY THE COURT:


_____
Michael E. Hegarty, United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February 2023, the foregoing **SCHEDULING ORDER** was served electronically via email on all counsel of record:

*/s/ Elizabeth A. Kramer*
Elizabeth A. Kramer