xIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02943-RMR

PARKER EGBERT, an individual

    Plaintiff,

v.

ROBERT GRISWOLD,
UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE, a not-for-profit corporation,
U.S. CENTER FOR SAFESPORT, a non-profit organization, and
DOES 1 through 50, inclusive, whose true names are unknown,

    Defendants.

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Parker Egbert moves for leave to file a first amended complaint against Defendants Robert Griswold and United States Olympic & Paralympic Committee ("USOPC") (collectively "Defendants"). Plaintiff seeks leave to add a claim for premises liability against Defendant USOPC, to remove a prayer for punitive damages, to add detail to fraud claims and state a claim for fraudulent concealment against USOPC, and to withdraw claims against U.S. Center for SafeSport ("SafeSport"). Plaintiff does not seek to add parties and the timing of the amendment will require no modification of the scheduling order. ECF No. 39. Leave to amend a complaint is granted liberally in cases such as this and the amendments Plaintiff proposes are timely, will cause no prejudice to Defendants, and make worthwhile changes to the pleadings. Plaintiff respectfully requests the Court grant this motion and allow Plaintiff leave to amend.

I. BACKGROUND

This case alleges grave sexual misconduct and physical abuse perpetrated by one Paralympic athlete, Defendant Robert Griswold, against another, Plaintiff Parker Egbert. The active Complaint, filed on November 11, 2022, alleges the conduct occurred while Egbert was in the care of Defendant USOPC at the Tokyo Olympics and the Olympic and Paralympic Training Center ("OPTC") in Colorado Springs, Colorado. ECF No. 1 ("Complaint") ¶¶ 2, 10, 74, 86, 93, 1133-116. Egbert suffers significant cognitive impairment and Griswold served as his supervisor, roommate, and chaperone under the authority of USOPC. *Id*. at ¶¶ 9, 10, 93, 169.

Plaintiff's Complaint alleges sixteen causes of action, including, as relevant to the present motion, a claim against USOPC for negligent failure to warn (Compl. p. 40), a prayer for relief that includes punitive damages (*id*. at p. 62), a claim for fraud and misrepresentation (*id*. at ¶¶ 236-242), and eight causes of action against Defendant SafeSport (*id*. at ¶¶ 189-235, 243-270). Defendant Griswold answered the Complaint on January 20, 2023. ECF 25. On February 13, 2023, SafeSport filed a motion to dismiss (ECF No. 28) and USOPC filed an answer (ECF No. 27) and a partial motion to dismiss or in the alternative a motion for a more definitive statement (ECF No. 26). On February 28, 2023, the Court entered a scheduling order, providing a deadline of April 14, 2023, to amend the pleadings. ECF No. 39 at p. 14.

SafeSport's motion to dismiss argues it is immune from civil liability for the conduct alleged in the Complaint. *See generally* ECF No. 28. Plaintiff files a voluntary dismissal of SafeSport herewith and seeks to strike allegations against SafeSport from the Complaint by way of this motion. USOPC's partial motion to dismiss argues, among other things, that Plaintiff's claim for negligent failure to warn is inadequately pleaded because it does not allege USOPC

2

was "the owner of property who failed to warn the plaintiff of a dangerous or hazardous condition related to the product or property." ECF No. 26 at p. 2. It also alleges Plaintiff inadequately pleads claims of fraud and civil conspiracy. Plaintiff opposes USOPC's motion to dismiss, but files amendments addressing the issues raised in its motion in the amendments proposed here.

Plaintiff's counsel has met and conferred with all Defendants regarding the amendments proposed herein. Decl. of Kevin Osborne, filed herewith, ¶ 2.

## II.   ARGUMENT

### A.   The Legal Standard Applicable to this Motion

Plaintiff moves for leave to amend his complaint within the deadline prescribed by the current scheduling order. Where a party moves to amend a pleading prior to the expiration of the deadline to amend set in a scheduling order, the motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. *Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule is designed to "facilitate a proper decision on the merits," rather than on the pleadings or technicalities. *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 2009 WL 10685246 (D. Colo. July 21, 2009) (citing *Conley v. Gibson,* 355 U.S. 41, 48 (1957)).

The Tenth Circuit holds, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted); *see also Foman v. Davis*,

3

371 U.S. 178, 182 (1962). Where none of these factors, often referred to as the *Foman* factors, are present, courts will generally grant a plaintiff leave to amend. *See*, *e.g.*, *Roucis v. Cigna Health Mgmt., Inc.*, 2022 WL 1198946, at *4-5 (D. Colo. Mar. 21, 2022); *Elliott v. State Farm Fire & Cas. Co.*, 2022 WL 1198966, at *1 (D. Colo. Jan. 5, 2022); *SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc.*, 2019 WL 6242811, at *2 (D. Colo. Nov. 22, 2019). *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

Analyzing the present motion under Rule 15 and the *Foman* factors, the Court should grant Plaintiff leave to amend the complaint.

### 1. *Plaintiff Seeks Timely Leave to Amend*

The first of the *Foman* factors is undue delay. Courts in this district have found that motions for leave to amend are timely even when filed a year after an initial complaint. *See*, *e.g.*, *Driscoll v. City & Cnty. of Denver*, 2023 WL 2261132, at *2 (D. Colo. Feb. 28, 2023) (no undue delay where motion for leave to amend filed fourteen months after filing complaint); *City of Fort Collins v. Open Int'l, LLC*, 2023 WL 1069490, at *2 (D. Colo. Jan. 26, 2023) (no undue delay where motion for leave to amend filed sixteen months after initial complaint).

Plaintiff's motion to amend comes promptly and without undue delay. Plaintiff filed this matter in November 2022 and continues to investigate the factual details of the matter. Counsel for Plaintiff have analyzed the arguments and authorities in the SafeSport and USOPC motions to dismiss. While there have been no discovery responses produced to date, Defendant USOPC's partial motion to dismiss, filed on February 13, 2023, presents an argument made now for the first time that there is a deficiency in one of Plaintiff's causes of action. Plaintiff seeks to address this argument by adding factual allegations to the Complaint relating to the ownership of the

4

OPTC premises that Plaintiff's counsel only recently came to understand through investigation. Osborne Decl., ¶ 4. This is Plaintiff's first request for leave to amend the Complaint. The scheduling order imposing a deadline on amendments occurred less than 30 days ago and provides a deadline to amend that is weeks away. Therefore, the timing of this motion is sufficiently early in the case and there is no indication of delay.

### 2. The Proposed Amendment Will Not Prejudice Defendants

Prejudice is the most important factor when determining whether to allow a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). When analyzing prejudice, courts will consider how far along the parties are in the discovery process, how close the case it to a trial date, and whether the amendments relate to subject matter that is already a part of the case. *See*, *e.g.*, *Crocs, Inc. v. Joybees, Inc.*, 2023 WL 1827764, at *1 (D. Colo. Jan. 13, 2023).

In the present matter, the Parties are only in the nascent stages of discovery. No initial disclosures have been exchanged and the parties only filed a negotiated Proposed Protective Order on March 22, 2023. ECF No. 46. At the scheduling conference, which occurred less than 30 days ago, the Court did not set a trial date. ECF No. 39. The amendments do not change the subject matter of the case in any significant way. The added allegations and causes of action are clearly related to the factual allegations already pleaded and the proposed amendment adds no new parties and makes no detours from the facts already alleged. Because the case is at such an early juncture and the changes keep the case in line with what was previously pleaded, the proposed amendment will result in no prejudice.

### 3. Plaintiff Has No Bad Faith or Dilatory Motive

Plaintiff's motives in moving to amend are to move the case forward with understandable pleadings that are technically and legally correct. The amendment to add premises liability claims is reasonable given USOPC's argument in its motion to dismiss that a negligent failure to warn cause of action under Colorado law is often associated with claims against a landowner. Plaintiff withdraws his punitive damages claim because Colorado law only permits a prayer for such damages with leave of the court initial discovery into the defendant's conduct. C.R.S. § 13-21-102(1.5)(a). The amendment brings the complaint into compliance with this procedural rule. As to the amendments to Plaintiff's fraud claims, USOPC's motion to dismiss argues the allegations in the present Complaint are too vague and lack particularity. The proposed amendments add specific details, better allowing USOPC to answer the claims and correctly characterize the USOPC's omissions of fact in a fraudulent concealment cause of action rather than a fraudulent misrepresentation cause of action. Again, this will allow USOPC to answer and defend the case based on clear and correct pleadings. Finally, the deletion of SafeSport from the Complaint is a good faith response to that Defendant's claim for immunity. While there are exceptions to the immunity rule for SafeSport (*see, e.g.*, *Nothstein v. USA Cycling*, 499 F. Supp. 3d 101, 120 (E.D. Pa. 2020)), Plaintiff has determined that the facts presently available and pleaded in the Complaint are likely insufficient to overcome or bypass that immunity. None of these motives exhibit bad faith or are in any way dilatory.

### 4. The Proposed Amendment Is Not Futile

Where a party seeks to amend a complaint to cure a potential deficiency, the amendment is not futile. *See, e.g.*, *Jones v. Am. Bankers Ins. Co. of Fla.*, 2011 WL 2077815, at *2-3 (D.

Colo. May 25, 2011).

Here, Plaintiff seeks to add two causes of action that are absent from his initial Complaint and that, based on investigation, are warranted given the facts of the case. Plaintiff was first injured in Tokyo while on premises controlled by USOPC and his injures continued while he resided in Colorado Springs on property apparently owned by USOPC. His injuries were caused by a sexual predator who USOPC knew posed a danger based on prior investigations, but whose past was not revealed to Plaintiff or his family until after the abuse had already occurred. These allegations give rise to a valid cause of action for premises liability under the Colorado Premises Liability Act, C.R.S. § 13-21-115 ("PLA"). While the PLA is an exclusive remedy, Plaintiff pleads the claim in the alternative to other claims for relief, as Colorado courts allow. *See*, *e.g.*, *Collard v. Vista Paving Corp.*, 292 P.3d 1232, 1238 (Colo. App. 2012) (where plaintiff pleaded both violation of PLA and common law negligence, court analyzed both claims to find defendant was not a landowner under the PLA but owed plaintiff a common law duty of care). Plaintiff's other amendments similarly address potential deficiencies in the Complaint, such as Plaintiff's fraud claim, identified in USOPC's motion to dismiss, or claim for punitive damages, not identified in USOPC's motion. The dismissal of SafeSport is similarly meaningful as it limits the parties to the action and the claims the remaining parties must litigate.

### III.   CONCLUSION

Because the Rule 15 liberally allows parties to amend the pleadings and Plaintiff's proposed amendments pass the test of the *Foman* factors, the Court should grant Plaintiff's motion and allow leave to file the First Amended Complaint.

Respectfully submitted this 24th day of March 2023.

                                                       */s/ Kevin M. Osborne*
                                                       Kevin M. Osborne

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March 2023, the foregoing **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was filed and served using the CM/ECF system, which will serve as notification of such filings on counsel for all counsel of record.

*/s/ Kevin M. Osborne*
Kevin M. Osborne
Erickson Kramer Osborne LLP
44 Tehama Street
San Francisco, CA 94105
Phone: (415) 635-0631
Fax: (415) 599-8088
kevin@eko.law

*Attorney for Plaintiff Parker Egbert*