IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02943-SKC-MEH

PARKER EGBERT,

    Plaintiff,

v.

ROBERT GRISWOLD,
U.S. OLYMPIC & PARALYMPIC COMMITTEE, and
DOES 1 THROUGH 50,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, Chief United States Magistrate Judge, on June 25, 2024.**

    On June 17, 2024, Defendant United States Olympic & Paralympic Committee ("USOPC") filed an opposed "Motion to Modify Scheduling Order." ECF 112. Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the judge's consent" to modify a scheduling order. The Rule "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Hill v. SER Jobs for Progress Nat'l, Inc.*, No. 19-cv-01851-MDB, 2023 WL 1927984, at *3 (D. Colo. Feb. 10, 2023).

    Here, the Motion seeks to extend (1) Defendant USOPC's Expert Witness Disclosure deadline to two weeks after the deposition of Brenda DeMattio, one of Plaintiff's standard of care witnesses, and (2) the Parties' Rebuttal Expert Disclosure deadline to two weeks after that. ECF 112. Defendant USOPC's stated basis for requesting these extensions of time is "the practice in this District for a defendant to complete depositions of plaintiff's experts . . . prior to the issuance of defendant's expert disclosures." *Id.* at 3. Defendant USOPC anticipates that, if the Court does not grant the requested extensions, then "it is likely that USOPC's expert may need to supplement her opinions later creating a cascading waterfall of continued supplementation back and forth." *Id*.

    As a preliminary matter, the Court, in his eighteen years on the bench, has not become aware of a practice in this District where a defendant deposes a plaintiff's experts prior to disclosing their own defense experts as a matter of course. Moreover, as Plaintiff noted in its Response, there is also no requirement in Federal Rule of Civil Procedure 26(a)(2), this District's Local Rules, or anywhere else, mandating Defendant USOPC's preferred sequence of events. ECF 116 at 3–4. Further, Defendant USOPC's concern regarding the potential need for future supplementation of the Parties' expert reports does not demonstrate prejudice to either Party; such supplements are relatively commonplace in civil litigation and need not place undue burden or

2

expense on a Party. Thus, Defendant has not carried its burden to prove that good cause exists for its proposed amendments to the Scheduling Order in this case.

Accordingly, the Court **denies** the Motion at ECF 112.