IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02943-SKC-MEH

PARKER EGBERT, an individual

    Plaintiff,

v.

ROBERT GRISWOLD,
UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE, a not-for-profit corporation,
and DOES 1 through 50, inclusive, whose true names are unknown,

    Defendants.

## DEFENDANT UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE'S MOTION TO RESTRICT ACCESS TO MOTION FOR PARTIAL SUMMARY JUDGMENT, STATEMENT OF UNDISPUTED FACTS, AND APPENDIX OF EXHIBITS

Pursuant to D.C.COLO.LCivR. 7.2(c), Defendant United States Olympic & Paralympic Committee ("USOPC"), through counsel, moves the Court to impose Level 1 restricted access to Motion for Partial Summary Judgment [ECF 119], Statement of Undisputed Facts [ECF 119-1], and Appendix of Exhibits for Motion for Partial Summary Judgment [ECF 119-2] (together, "Partial MSJ Pleadings"), stating:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), USOPC counsel has conferred with Plaintiff Parker Egbert ("Plaintiff") and Defendant Robert Griswold's ("Griswold") counsel. Plaintiff opposes the requested relief. Griswold does not oppose.

5496206.1

## LEGAL STANDARD

Under D. Colo. L. Civ. R. 7.2(c), a motion to restrict public access must: "(1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the restriction level sought."

## MOTION

1.   This action involves allegations of physical and sexual abuse of an intellectually impaired individual.

2.   USOPC filed its Partial MSJ Pleadings on July 14, 2024. The Partial MSJ Pleadings describe and discuss, in the motion itself and supporting documents, certain allegations or incidents of alleged physical and/or sexual abuse in a manner that includes the identity of persons, some of whom are not parties to this action, including some who were minors at the times described, and/or others who are intellectually impaired. The Partial MSJ Pleadings also discuss details of allegations of an extremely personal and private nature made by some of these persons, or these persons' participation in inquiries or investigations related to the same.

2

3. All of the deposition transcripts and documents attached to the Partial MSJ Pleadings were designated "Confidential" under the Amended Stipulated Protective Order ("Protective Order") entered in this case [ECF 84], and under § 2.2 of the same. Per § 7.5 of the Protective Order, these documents may only be disclosed to the parties, their counsel, expert witnesses and consultants, the Court, stenographic reporters, deponents, witnesses, jury or trial consultants, or arbitrators (and for many of these, disclosure is prohibited unless these persons execute the Nondisclosure Agreement contained in the Protective Order). None of the parties have sought to change or rescind those designations as set forth in § 6 of the Protective Order. Thus, these documents retain their "Confidential" designation until and unless it is "rescinded by agreement of the Parties or struck by order of the Court." [Id. at § 6.5]. To publicly disclose the documents contained in the Partial MSJ Pleadings without restrictions, despite their designation as "Confidential," would be to violate the Protective Order's express prohibitions and render it wholly ineffectual.

4. The persons identified in the Partial MSJ Pleadings have a reasonable expectation of privacy, and, in this instance, such interest outweighs the presumption of public access to information. These persons are not public figures, and to the extent they are, they are nonetheless entitled to privacy with regard to their personal history, and also entitled to confidentiality in connection with making allegations of a sensitive nature or participating in investigations or inquiries related to the same. These persons include other athletes and their families, as well as USOPC staff and

independent contractors, who are not before the Court in this action, and have not given their consent to publicly disclose their identifying or private information. Allowing public access to this information could expose these persons to unnecessary and improper inquiry or harassment.

5. This action also involves allegations of abuse reported by the USOPC to the U.S. Center for SafeSport ("SafeSport").

6. The Partial MSJ Pleadings describe and include, in the motion itself and supporting documents, notices and descriptions of reports to SafeSport, Notices of Decision and other documents issued by SafeSport, documents provided to SafeSport, and summaries of reports made to USOPC that were then reported to SafeSport.

7. USOPC is required to comply with the SafeSport Code for the U.S. Olympic and Paralympic Movement ("SafeSport Code"). 36 U.S.C. § 220541(a)(1)(B); SafeSport Code § II.[1]

8. The SafeSport Code describes "publicly disclosing a Claimant's identifying information" and "distributing or otherwise publicizing confidential materials" as a possible abuse of its process, which is prohibited and sanctionable conduct. SafeSport Code §§ IX(H)(e), (g). "Confidential Materials" that are the subject of a SafeSport investigation or proceeding include "any Notice of Allegation(s), Temporary Measures Decision, Notice of Decision, the Investigation Report, and any

---

[1] *Available at* https://uscenterforsafesport.org/wp-content/uploads/2023/03/2024_SafeSportCode-_062424_v2-A.pdf (accessed July 16, 2024).

4

5496206.1

documents or evidence, including interview statements of a Claimant, Respondent, or other witnesses, any audio recordings or transcripts of those recordings created as part of the investigative process." SafeSport Code § XI(S). While such materials may be disclosed "as required by law" under the SafeSport Code, *id.*, and are being disclosed to the parties and the Court as part of this action in accordance with the Protective Order, their disclosure to the general public serves no public interest and could expose the persons mentioned in those materials to unnecessary and improper inquiry or harassment.

9. Additionally, the SafeSport Code provides that any decision, report, memorandum, work product, notes, or case file of the Center "shall be confidential and shall not be subject to discovery, subpoena, or any other means of legal compulsion in any civil action in which the Center is not a party to the action." *See* 36 U.S.C. § 22054(f)(4)(c).

10. No alternative to restricted access is practicable—the private information described above is discussed, disclosed, and detailed throughout the Partial MSJ Pleadings, and thus disclosure of any portion of the Partial MSJ Pleadings could result in the injuries described above.

11. Consistent with the need to balance the public interest with the confidentiality interests of the parties and nonparties mentioned in the Partial MSJ Pleadings, the Court has good cause to grant this Motion.

## **CONCLUSION**

WHEREFORE, USOPC respectfully requests that the Court enter an Order granting this Motion and imposing a Level 1 restriction on USOPC's Motion for Partial Summary Judgment [ECF 119], Statement of Undisputed Facts [ECF 119-1], and Appendix of Exhibits for Motion for Partial Summary Judgment [ECF 119-2]

Submitted this 22nd day of July, 2024.

*/s/ Julie M. Walker*
Julie M. Walker
Lidiana Rios
IRELAND STAPLETON PRYOR & PASCOE, PC
1660 Lincoln Street, Suite 3000
Denver, CO 80264
Telephone: (303) 623-2700
E-mail: jwalker@irelandstapleton.com
         lrios@irelandstapleton.com

*Attorneys for Defendant United States Olympic & Paralympic Committee*

5496206.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, a true and correct copy of the foregoing **DEFENDANT UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE'S MOTION TO RESTRICT ACCESS TO MOTION FOR PARTIAL SUMMARY JUDGMENT, STATEMENT OF UNDISPUTED FACTS, AND APPENDIX OF EXHIBITS** was electronically filed with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

*/s/ Julie M. Walker*
Julie M. Walker