IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-02943-SKC-CYC

PARKER EGBERT,

    Plaintiff,

v.

ROBERT GRISWOLD, *et al.*,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO AMEND COMPLAINT (DKT. 179)**

---

    This case involves allegations of the rape of Plaintiff Parker Egbert by Defendant Robert Griswold and the alleged wrongful acts of Defendant United States Olympic & Paralympic Committee (USOPC) that facilitated the purported abuse. Before the Court is Plaintiff's Motion to Modify Scheduling Order and for Leave to Amend Complaint to Assert Claim for Exemplary Damages (Motion) against USOPC.[1] Dkt. 179. USOPC filed a Response. Dkt. 179. Plaintiff did not file a reply.

---

[1] The Court admonishes the parties to strictly adhere to this Courts' Uniform Civil Practice Standards, Standing Order for Civil Cases, and the Local Rules of Practice. For example, Plaintiff's Certificate of Conferral merely states, "Plaintiff has been advised that Defendants oppose this motion and the relief sought herein." But the Court's Standing Order specifies that such conclusory statements are unacceptable. Rather, counsel must confer and the reason provided for opposing the motion must be included. Further, the Motion and Response exceed the Court's page limits for

1

The Court has reviewed the briefing, the docket, and relevant law. No hearing is necessary. The Court denies the Motion for the reasons explained below.

## A. LEGAL PRINCIPLES

Where, as here, a party seeks to amend their pleadings after the deadline established in the scheduling order, "a party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and then showing that amendment would be allowed under Rule 15(a)." *Ayon v. Kent Denver Sch.*, No. 12-cv-2546-WJM-CBS, 2014 WL 85287, at *2 (D. Colo. Jan. 9, 2014). *Cf. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

The "good cause" standard under Rule 16 requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). This standard is "much different than the more lenient standard contained in Rule 15(a)." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997)). The Rule does not focus on the bad faith of the movant, or the prejudice to the opposing party. Instead, it focuses on the diligence

---

these filings. This is not the first time the Court has had to admonish the parties for their carelessness in failing to follow applicable rules. *See, e.g.,* Dkts. 129, 149, 161. The Court would like to nip this in the bud and demands better of counsel.

of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Id.* For example, proposed amendments are barred if the movant "knew of the underlying conduct but simply failed to raise . . . the claims." *Gorsuch*, 771 F.3d at 1240 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

Differently, the purpose of Rule 15(a) is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992). Motions to amend should be freely granted under Rule 15 when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). But even then, "there is no absolute right to repeatedly amend a complaint." *Fluker v. Fed. Bureau of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at * 4 (D. Colo. Apr. 21, 2009).

In evaluating the "needs of justice" under Rule 15, the court must consider the interests of all parties. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *see also Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) ("Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party."). Ultimately, a motion to amend is left to the sound discretion of the district court. *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

## B. BACKGROUND

Plaintiff filed his original Complaint on November 11, 2022.[2] *See* Dkt. 1. The Court entered a Scheduling Order on February 28, 2023. Dkt. 39. The Scheduling Order set a deadline of April 14, 2023, for amendment of the pleadings, and a discovery cut-off deadline of March 1, 2024. *Id.* at §9.a-b. The Scheduling Order has been amended at least five times. *See* Dkts. 63, 94, 99, 108, 111. While the discovery cut-off deadline was ultimately extended to May 29, 2024, (Dkt. 111), the deadline to amend the pleadings never changed.

On July 15, 2024, Plaintiff filed his first motion seeking leave to amend his Complaint to add allegations seeking exemplary damages. Dkts. 122, 123. He subsequently withdrew this motion, without prejudice, and the Court extended his deadline to refile the motion to December 9, 2024. Dkts. 122, 123, 143, 166. Plaintiff then filed the current Motion by the new deadline.

## C. ANALYSIS

Plaintiff has failed to show good cause under Rule 16(b) to amend his complaint to add a claim for exemplary damages past the deadline for amending pleadings. Under Colo. Rev. Stat. § 13-21-102(1.5)(a), a party may not include a claim for exemplary damages in their original complaint. *See RCHFU, LLC v. Marrott*

---

[2] The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). Plaintiff filed his Amended Complaint (with leave of court) on May 5, 2023. Dkt. 58. He asserted 11 state law claims for relief against USPOC, some of which the Court dismissed. Dkt. 153.

4

*Vacations Worldwide Corp.*, No. 16-cv-1301-PAB-GPG, 2018 WL 3055772, at *3 (D. Colo. May 10, 2018). Instead, "[a] claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-105(1.5)(a). Here, the parties did not exchange initial disclosures until May 16, 2023—which is after the April 2023 deadline for amending the pleadings. Plaintiff must therefore satisfy the good-cause standard under Rule 16 to amend his complaint to add a claim for exemplary damages.

No party seems to understand which deadline the good cause standard applies to. They focus on the deadline for completion of discovery as opposed to the deadline for amending pleadings provided in the Scheduling Order. The latter—April 14, 2023—is the applicable deadline for purposes of the Court's consideration of the Motion under Rule 16. *See Loma v. Allied Universal Sec. Servs.*, No. 1:21-cv-02214-NYW-SBP, 2024 WL 4554664, at *4 (D. Colo. Oct. 23, 2024) (no good cause when plaintiff waited almost eight months after the deadline to amend pleadings to seek amendment). Plaintiff did not file his first motion to amend until 15 months *after* the deadline expired.[3] He offers no explanation for why he was unable to meet that deadline despite his diligent efforts. The Court understands that by virtue of Colo.

---

[3] The Court evaluates the timeliness of the Motion based on when Plaintiff filed his first motion seeking leave to amend—July 15, 2023. The delay between that date and the filing of the current Motion resulted from the parties' protracted argument about proper filing restriction levels, hearings with the Magistrate Judge, and ultimately the Magistrate Judge's order setting a deadline for Plaintiff to file a renewed motion.

5

Rev. Stat. § 13-21-102(1.5), Plaintiff could not have sought amendment until after the parties exchanged initial disclosure on May 16, 2023. While generally, § 13-21-102(1.5) supports good cause for seeking a late amendment when the initial disclosure deadline falls after the deadline for amending pleadings, Plaintiff still waited 14 months from the exchange of initial disclosures to file the Motion. And he does not describe any efforts taken to otherwise seek this amendment any sooner in relation to the date the parties exchanged their disclosures.

The lack of explanation is further notable when considering Plaintiff was aware he intended to seek exemplary damages from the inception of this case. For example, he included "exemplary damages" in the Prayer for Relief in his original Complaint filed in November 2022. Dkt. 1, p.62. He also included "exemplary damages" in the proposed Scheduling Order filed by the parties on February 21, 2023. Dkt. 34, p.8. But he doesn't explain his efforts, diligent or otherwise, to obtain evidence in discovery to support a prima facie case for exemplary damages to amend his complaint to include the claim. To be sure, Plaintiff needed only to obtain sufficient prima facie evidence to support exemplary damages and amendment of his complaint under § 13-21-102(1.5)(a). *See RCHFU*, 2018 WL 3055772, at *4 (court is only concerned with whether the evidence is sufficient to make out a prima facie case of willful and wanton behavior). He did not need "to prove willful and wanton conduct beyond a reasonable doubt" simply to amend his pleading. *Stamp v. Vail Corp.*, 172

6

P.3d 437, 450 (Colo. 2007). Indeed, the Colorado Supreme Court says "[t]his is a lenient standard" at the amendment stage. *Id.*

Even when giving Plaintiff the benefit of the doubt and considering he also needed prima facie evidence supporting exemplary damages, he still falls short in carrying his burden. While the Motion generally discusses Plaintiff's activities in discovery and the fact certain depositions were not completed until May 2024, the latest piece of evidence Plaintiff cites to support that he did not yet have sufficient evidence to satisfy § 13-21-102(1.5) is the deposition of Erin Popovich completed on February 16, 2024.[4] *See* Dkt. 179, pp.3-13. But Plaintiff waited five months from the Popovich deposition to file his Motion, and he fails to explain the delay.[5] Without any explanation, this delay is too long. *See, e.g., Est. of Medina v. Samuels*, No. 20-cv-01443-NYW, 2022 WL 194480, at *6 (D. Colo. Jan. 21, 2022) (movant failed to act

---

[4] Plaintiff also argues he "did not obtain the transcripts for the depositions of Dee Sapp and Anastasia Pagonis until on or about June 17 and June 19, 2024, and only then was in a position to provide the following factual background in support of Plaintiff's claim of entitlement to exemplary damages," but he fails to cite or include either of those depositions. Dkt. 179, p.4. And these representations conflict with his apparent representation that the Popovich deposition was the last piece of evidence he needed to support his obligations under the statute. The Court further observes that deposition transcripts are not necessary to filing the Motion. As officers of the Court, counsel can easily file a motion and make offers of proof in the motion explaining that counsel is waiting on transcripts and then supplement with those transcripts. Or counsel can place a rush order on the transcripts if they believe transcripts are necessary. But neither was done here, apparently.

[5] In another example, in his Motion Plaintiff frequently cites the deposition of Maggie Green for evidence supporting a prima facie case for exemplary damages. Dkt. 179, pp.4-5. But that deposition was on October 5, 2023—the Motion wasn't filed until December 9, 2024. *Id.* at p.3; Dkt. 179.

7

diligently when it waited five months after discovering new information); *Landon v. Winston Hospitality, Inc.*, No. 20-cv-01547-MEH, 2021 WL 463624, at *3 (D. Colo. Feb. 9, 2021) (finding no good cause where movant waited three months from discovery of evidence to filing motion for leave to amend complaint).

"[T]he good cause standard [under Rule 16] requires the Court to determine if there is an *adequate explanation* for any delay." *Ross v. Union Pac. R.R. Co.*, No. 18-CV-01187-WYD-KLM, 2019 WL 1615069, at *5 (D. Colo. Apr. 15, 2019) (citing *Minter*, 451 F.3d at 1205 n.4) (emphasis in original). There is none here. Plaintiff has made only a perfunctory effort, if any, to explain his diligent efforts to obtain prima facie evidence to support his Motion or to adequately explain why it took so long to seek this relief. He has not met his burden of showing good cause to amend the Scheduling Order under Rule 16(b) as a result.

Because the Court finds Plaintiff fails to demonstrate good cause exists under Rule 16(b), the Court does not address the second prong of the analysis—Rule 15(a).

For these reasons, the Motion is DENIED.

DATED: July 21, 2025

BY THE COURT:

S. Kato Crews
United States District Judge